Exhibit A

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO.<br><br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202<br>303.606.2300 | DATE FILED<br>August 8, 2024 3:32 PM<br>FILING ID: DABF4F94AAF05<br>CASE NUMBER: 2024CV32422 |
| Plaintiffs:<br><br>**SUNDUS SATTAR RAUTIO and BENJAMIN RAUTIO,**<br><br>**v.**<br><br>Defendant:<br><br>**COSTCO WHOLESALE CORPORATION** | Case Number:<br><br>Div.: |
| *Attorneys for Plaintiffs:*<br>Sophia Ortiz, #59573<br>RAMOS LAW, LLP<br>10190 Bannock St., Ste. 200<br>Northglenn, CO 80260<br>Phone: 303.733.6353<br>Fax: 303.856.5666<br>E-mail: sortiz@ramoslaw.com | |

**COMPLAINT AND JURY DEMAND**

COME NOW, Plaintiffs, SUNDUS SATTAR RAUTIO and BENJAMIN RAUTIO, by and through their undersigned counsel, RAMOS LAW and file their Complaint against Defendant, and states as follows:

## INTRODUCTION

1. This matter arises out of injuries and damages sustained by Plaintiffs on August 12, 2022, when a Costco employee shut the trunk door of Plaintiff Sundus Sattar Rautio's vehicle down on her head (the "Incident").

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiffs are and were residents of the State of Colorado at all times relevant to the events described herein.

3. Upon information and belief, Costco Wholesale Corporation ("Defendant" or "Costco"), is a foreign corporation organized under the laws of Washington and principally located at 999 Lake Drive, Issaquah, Washington 98027.

4. Defendant may be served with Summons by and through its registered agent, C T Corporation System, located at 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

5. Pursuant to C.R.S. Const. Art. 6 § 9 (2014), this Court has subject matter jurisdiction over this action because it involves a civil matter, and the amount in controversy exceeds $15,000.

6. Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendant because it conducts business in the State of Colorado.

7. Venue is proper in this Court pursuant to C.R.C.P 98(c)(1) because Defendant is a foreign corporation and Denver County is the county designated in this Complaint.

## GENERAL ALLEGATIONS

8. Plaintiffs incorporate by reference any and all prior allegations as though fully restated herein.

9. On August 12, 2022, Plaintiff Sundus Rautio went to the Costco Wholesale store located at 5885 Barnes Road in Colorado Springs, Colorado to pick up a table she had purchased in advance.

10. A Costco employee ("Employee") assisted Mrs. Rautio in bringing the table to her vehicle and loading it in the trunk.

11. Mrs. Rautio was working to adjust the back seats and trunk of her vehicle to fit the table when suddenly, Employee attempted to shut the trunk door. Employee pulled the door of the trunk down directly on Mrs. Rautio's head and neck.

12. As a result, Ms. Rautio suffered bodily injury, including a traumatic brain injury.

13. As a direct and proximate result of Defendant's negligence, Mrs. Rautio suffered serious and permanent bodily injuries, past and future economic damages, loss of enjoyment of life, past and future disfigurement, and past and future physical impairment.

14. As a direct and proximate result of Defendant's negligence, Plaintiff Benjamin Rautio suffered injuries, damages, and losses, including but not limited to economic damages for loss of household services Mrs. Rautio would have performed and non-economic damages for loss of affection, society, companionship, and aid and comfort of his spouse.

**FIRST CLAIM FOR RELIEF**

*Respondeat superior/vicarious liability*

15. Plaintiffs incorporate by reference any and all prior allegations as though fully restated herein.

16. Defendant is a corporate entity and can only act through its officers, employees, and agents.

17. On the date of the Incident, and at all times material hereto, Defendant held out Employee as its agent, apparent agent, servant, or employee.

18. Defendant owned, operated, maintained, and controlled the Costco Wholesale store where the Incident occurred and, in that capacity, employed Employee, or was otherwise vicariously responsible for the acts of Employee.

19. Defendant directed, controlled, and/or maintained the right to control and supervise the duties of its agent, apparent agent, servant, or employee, Employee, in the acts described herein, and did so at all times material to this matter, such that Employee was acting within the course and scope of his business relationship with Defendant.

20. On the date of the incident complained of, Defendant's agent, apparent agent, servant, or employee, negligently caused injury to Plaintiffs in the course of his business relationship with Defendant, and caused the Incident.

21. Defendant, in its capacity as principal, master, or employer, is vicariously responsible for the acts of its employees and agents, including the individual that caused the Incident.

22. As a direct, and proximate cause of Defendant's negligence, by and through its agent, Plaintiffs suffered severe injuries, damages, and losses more fully described elsewhere herein.

**SECOND CLAIM FOR RELIEF**

*Negligent training and supervision*

23. Plaintiffs incorporate by reference any and all prior allegations as though fully restated herein.

24. Defendant owed its patrons and customers, and the public, a legal duty to exercise reasonable care in training and supervising its employees.

25. Defendant breached its duty to exercise reasonable care in training and supervising Employee by, *inter alia*:

a. Failing to implement guidelines, policies and procedures for safely loading inventory into customer vehicles.

b. Failing to observe guidelines, policies and procedures for safely loading inventory into customer vehicles.

c. Failing to enforce guidelines, policies and procedures for safely loading inventory into customer vehicles.

d. Failing to emphasize to its employees the importance of keeping a proper lookout for patrons and customers while loading inventory into customer vehicles.

e. Failing to properly guide, mentor, and supervise its employees to avoid creating unreasonable risks of injury to patrons and customers in the store.

26. Had Defendant trained and supervised Employee properly, this Incident would not have occurred.

27. As a direct and proximate result of Defendant's negligent training and supervision, Plaintiffs have suffered severe injuries, damages, and losses more fully described elsewhere herein.

## THIRD CLAIM FOR RELIEF
*Loss of Consortium*

28. Plaintiffs incorporate by reference any and all prior allegations as though fully restated herein.

29. At the time of the Incident, Plaintiffs were married.

30. Plaintiffs continue to be married.

31. At the time of the Incident, Plaintiffs had a four-month-old infant.

32. In order to care for his injured wife and their infant child, Mr. Rautio has had to take significant time away from work which has negatively impacted his career.

33. Mr. Rautio has suffered significant emotional and psychological distress, due to the physical and neuropsychological changes his wife has experienced as a result of her injuries.

34. As a result of the wrongful and negligent acts of Defendant, Plaintiff Benjamin Rautio suffered and will continue to suffer damages, including but not limited to, economic damages for the loss of household services Mrs. Rautio would have performed, and noneconomic damages for loss of affection, society, companionship, and aid and comfort of his spouse.

35. These injuries, damages, and losses were caused solely and proximately by the negligence of Defendant.

## ALTERNATIVE CLAIM FOR RELIEF
*Premises Liability*

36. Plaintiffs incorporate by reference any and all prior allegations as though fully restated herein.

37. In the alternative, if the Court determines Plaintiffs' exclusive remedy to be pursuant to Colorado's Premises Liability Act, C.R.S. § 13-21-115, then Defendant Costco was a "landowner" of the Costco Wholesale store located at 5885 Barnes Rd in Colorado Springs, Colorado, as defined by subsection (7)(b) of the Act, at all times relevant hereto.

38. Plaintiff Sundus Rautio was an "invitee," as defined by C.R.S. § 13-21-115(7)(a) at all times relevant hereto.

39. Defendant Costco owed Mrs. Rautio a legal duty to exercise reasonable care to protect against dangers that Defendant knew about or should have known about.

40. Defendant Costco also owed Mrs. Rautio a legal duty to warn her of dangerous activities, circumstances, and conditions present on the Premises.

41. Defendant Costco breached its duties of care by, *inter alia*:

a. Employing individuals with poor judgment;

b. Employing individuals that are likely to constitute a danger to others;

c. Failing to properly train its employees;

d. Failing, by and through its agent, to have due regard for the safety of Mrs. Rautio while helping her load merchandise into her vehicle; and

e. Failing, by and through its agent, to warn Mrs. Rautio that the trunk was being shut.

42. As a direct and proximate result of the Defendant's violation of the Colorado Premises Liability Act, Mrs. Rautio suffered serious and permanent bodily injuries, past and future

economic damages, loss of enjoyment of life, past and future disfigurement, and past and future physical impairment.

43. As a direct and proximate result of Defendant's violation of the Colorado Premises Liability Act, Plaintiffs suffered and will continue to suffer a loss of affection, society, companionship, and services all to the detriment of their marital relationship.

**REQUEST FOR TRIAL BY JURY**

Plaintiffs demand trial by jury for all claims set forth herein.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant in an amount which will fully compensate them for all damages they sustained to the full extent allowed by law, including, without limitation, economic, non-economic, and permanent impairment and disfigurement damages as provided for under Colorado Law as well as interest, costs, and such other relief as the Court deems just and appropriate.

Respectfully submitted this 8th day of August 2024.

RAMOS LAW

*/s/ Sophia Ortiz*
Sopia Ortiz, #59573
*Attorneys for Plaintiffs*
*This pleading was filed electronically pursuant to Rule 121 § 1-26*
*Original signed pleading is on file in counsel's office*

Plaintiffs' Address:
c/o Ramos Law
10190 Bannock St, Suite 200
Northglenn, CO

6424102135

# 5378 BLAIR VW

Total Market Value

$315,395






## OVERVIEW

| | |
|---|---|
| Owner: | **RAUTIO BENJAMIN L** |
| Mailing Address: | **5378 BLAIR VW COLORADO SPRINGS CO, 80916-2071** |
| Location: | **5378 BLAIR VW** |
| Tax Status: | **Taxable** |
| Zoning: | **PUD AO** |
| Plat No: | **R12099** |
| Legal Description: | **LOT 129 BRANT HOLLOW TOWNHOMES SUB FIL NO 3** |

## MARKET & ASSESSMENT DETAILS ?

| | Market Value | Assessed Value |
|---|---|---|
| Land | **$67,000** | **$4,490** |
| Improvement | **$248,395** | **$16,640** |
| Total | **$315,395** | **$21,130** |

## LAND DETAILS

| SEQUENCE NUMBER | LAND USE | ASSESSMENT RATE | AREA | MARKET VALUE |
|---|---|---|---|---|
| 1 | SINGLE FAMILY RESIDENTIAL | 6.700 | 1297 SQFT | $67,000 |

## BUILDINGS DETAILS

### TOWNHOUSE TWO STORY (1)

Market Value **$248,395**

| | | | |
|---|---|---|---|
| Assessment Rate | **6.700** | Above Grade Area | **1,508** |
| Bldg # | **1** | First Floor Area | **704** |
| Style Description | **TOWNHOUSE TWO STORY** | Above First Floor Area | **804** |
| Property Description | **TOWNHOUSE** | Lower Level Living Area | **0** |
| Year Built | **2008** | Total Basement Area | **-** |
| Dwelling Units | **1** | Finished Basement Area | |
| Number of Rooms | **5** | Garage Description | **Attached** |
| Number of Bedrooms | **2** | Garage Area | **240** |
| Number of Baths | **2.00** | Carport Area | **-** |

## SALES HISTORY

| | SALE DATE | SALE PRICE | SALE TYPE | RECEPTION |
|---|---|---|---|---|
| + | 02/11/2019 | $190,000 | REO or Sale After Foreclosure | 219014527 |
| + | 10/26/2018 | $0 | - | 218124832 |
| + | 10/10/2018 | $0 | - | 218117830 |
| + | 08/30/2012 | $0 | - | 212101085 |
| + | 05/21/2008 | $150,252 | Partial assessment Jan. 1 | 208058174 |
| + | 08/18/2006 | $2,035,000 | Vacant Land; Multiple Properties | 206122248 |
| + | 08/17/2005 | $0 | - | 205127588 |

## TAX ENTITY AND LEVY INFORMATION

County Treasurer Tax Information

Tax Area Code: **CB3** Levy Year: **2023** Mill Levy: **51.338**

| TAXING ENTITY | LEVY | CONTACT NAME/ORGANIZATION | CONTACT PHONE |
|---|---|---|---|
| EL PASO COUNTY | 6.862 | FINANCIAL SERVICES | (719)520-6400 |
| EPC ROAD & BRIDGE SHARE | 0.165 | - | (719)520-6498 |
| CITY OF COLORADO SPRINGS | 3.579 | CITY OF CS-CFO | (719)385-5224 |
| EPC-COLORADO SPGS ROAD & BRIDGE SHARE | 0.165 | - | (719)520-6498 |
| HARRISON SCHOOL DISTRICT #2 | 36.618 | SHELLEY BECKER, CFO | (719)579-2037 |
| PIKES PEAK LIBRARY DISTRICT | 3.061 | RANDALL A GREEN | (719)531-6333 |
| SOUTHEASTERN COLO WATER CONSERVANCY DISTRICT | 0.888 | JAMES BRODERICK | (719)948-2400 |
| EL PASO COUNTY CONSERVATION DISTRICT | 0.000 | MARIAH HUDSON | (719)600-4706 |

## MAP SHEET

Click to view Map Sheet 1
Click to view Map Sheet 2
Click to view Map Sheet 3

Disclaimer

We have made a good-faith effort to provide you with the most recent and most accurate information available. However, if you need to use this information in any legal or official venue, you will need to obtain official copies from the Assessor's Office. Do be aware that this data is subject to change on a daily basis. If you believe that any of this information is incorrect, please call us at (719) 520-6600.